UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY DEWAYNE WEBER,                                                                     Plaintiff,

v.                                                                      Civil Action No. 3:16-cv-213-DJH

METRO LOUISVILLE POLICE DEPARTMENT *et al.*,                            Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Gary DeWayne Weber filed a *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I. SUMMARY OF COMPLAINT**

In his complaint, Plaintiff indicates that he is suing the "Louisville Metro Police Department" (LMPD) and the "Carrollton Kentucky Police Department" (CPD). He states that he is seeking the "right to spong my record, the right to live free, the right to peaceful assembly, the right to privacy, the right to speak, the right to equal protection, the right false arrest lawsuit."

In the section of the complaint titled "Statement of Claim," Plaintiff states as follows:

7-24-14 the mop-pad the police sold it red-black and the store I was at said anyone can set there because there is any not one sign say that I could not set there for 5 or 10 minutes plus the officers spit from there mouth in my hair and I have the run sheet and voice recording of office coming to the seen and they ain't talk anothing about the case and I have more police making false arrest + excessive force on me, false imprisonment on me Gary DeWayne Weber + and also this police brutality on me Gary Weber.

White + Black Metro Louisville Police men + women from 663 W. Jefferson St. Louisville Kentucky 40202 zip. There is a group of Police Officers from the above address that I wrote above. Keep picking a fight with me Gary DeWayne Weber at my address at 867 South 25th St. Louisville, Ky 40211. Also they like to lie on me to other police office to trick them to kill me? They lied on me about past court case + try to get me to lie about Gary DeWayne Weber about crime I did not committed.

They told me that they was going to murder me like the people on my short that I like to were as normally!  A lawer young man at that time lunged trying to rip the short that I was wereing it was people live's mightier it had. white + black individual was lied to like me and Hart because they did not notice the people in time like the police men + women who was not just racist and it was not just one American type color it's Black + White + Hispanic also Asian office at Jefferson County, Kentucky in my case both me and family strangers about me and they try to start fights in store that I'm in!

The office are stocking me Gary DeWayne Weber around city I hard.  I heard that some part of the Louisville city the office don't put up with the office lieing on me and other citizens but these officer I seen + trying to identify + want to put a restraining order on these officers.  Didn't stop there on the lie's on Oct 15 2015 an officer beat up on camera and one of peace office called me Gary DeWayne Weber  out my name the N-word both offices male offce call me Gary DeWayne Weber and I'm a black male, who trying to spong my record!  But the office that beat me up on Oct 15, 2015 was on bardstown road  He called me the N-word 3 or 2 months before then too and He was stocking a man and tryed to make that man fight me Gary DeWayne Weber and the person that the police officers was stocking was from another town that I was stayed at as a younger man me Gary DeWayne Weber.  And the man from the other county said that the hard that I got them in some kind of bad situation we talk it out me and the man from Carrollton also my father stay's there in Carrolton Kentucky 41008.

Plaintiff also makes reference to a judge who changed a court date and caused his false arrest.  He further states that there are charges on his record that he did not commit and that "there is a lot of taunting and provoke + insulting and I they or the officer need to have to go a drug test + psychological occupation therapy test."

Plaintiff states that he seeks $ 75,000 from each Defendant.

## II. LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Based on Plaintiff's allegations, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court will dismiss the claims against both Defendants LMPD and CPD because neither is an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th

Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the LMPD are against the Louisville Metro Government as the real party in interest, and the claims against the CPD are against the City of Carrollton as the real party in interest. *See Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability,

a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by either the Louisville Metro Government or the City of Carrollton. Accordingly, the complaint fails to establish a basis of liability against the municipalities and fails to state a cognizable § 1983 claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: June 13, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
4415.011